Albertico Falcon LEIVA;
et al., Petitioners,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 04–70728.

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2005.**

Decided June 28, 2005.

Albertico Falcon Leiva, Fontana, CA, pro se.

Beatriz Adriana Falcon, Fontana, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, Virginia Lum, DOJ—U.S. Department of Justice Civil Div./Of-

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General

of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

fice of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

## MEMORANDUM ***

Albertico Falcon Leiva and his wife Beatriz Adriana Falcon, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("Board") summary affirmance without opinion of an immigration judge's ("IJ") denial of their applications for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the IJ's discretionary denial of cancellation of removal. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003). Petitioners do not raise a colorable due process challenge to that denial. We therefore lack jurisdiction over this portion of the petition for review. *Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001).

Petitioners' equal protection challenge to the Nicaraguan and Central American Relief Act ("NACARA") is foreclosed by our decision in *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 602–03 (9th Cir.2002) ("Congress's decision to afford more favorable treatment to certain aliens 'stems from a rational diplomatic decision to encourage such aliens to remain in the United States'"). Petitioners' due process challenge to NACARA also fails. *See Hernandez–Mezquita v. Ashcroft,* 293 F.3d 1161,

1165 (9th Cir.2002) (rejecting a due process challenge because petitioner failed to demonstrate that he was deprived of a qualifying liberty interest).

Petitioners' constitutional and as-applied challenge to the Board's streamlining procedure is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir. 2003).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

